429 So.2d 1329 (1983)
Richard L. DRAGON and June E. Dragon, His Wife, Appellants,
v.
Steven Allen GRANT, Appellee.
No. 82-1081.
District Court of Appeal of Florida, Fifth District.
April 20, 1983.
*1330 Robert W. Kieffer, of Sanders, McEwan, Mims & McDonald, Orlando, for appellants.
Robert S. Sigman, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a personal injury suit. The question on appeal is whether the trial court erred in determining that a Florida Highway Patrolman was qualified to give opinion testimony regarding the point of impact at the accident scene.
In order for a witness to give testimony regarding his opinion about a matter not generally known by ordinary persons it must be shown that the witness is an expert in the field of knowledge about which he is testifying. Whether or not a witness is a qualified expert permitted to give opinion testimony is generally within the discretion of the trial judge. Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978); Myers v. Korbly, 103 So.2d 215 (Fla. 2d DCA 1958). Although there may be a difference of opinion regarding the weight to be given to the trooper's testimony in this case, the admissibility of it is within the properly exercised discretion of the trial judge. We agree with the statement in Quinn, supra., where the court said "it is usually up to the opposing side to refute [the conclusion of the expert]..." through cross-examination or contrary evidence.
Accident investigators are commonly called to testify in automobile collision cases and the point of impact of the vehicles is often an important portion of the trial evidence. Unless the witness saw the accident he must use his analysis of the evidence found at the scene in order to arrive at an opinion of where the point of impact occurred. For example, as in this case, the trooper found some metal debris at a particular place and, based on his experience and training, he said he was able to conclude that it was there that the cars collided.
The testimony in this case supports the trial judge's ruling that the trooper's limited opinion as to the point of impact was admissible based on his experience as an accident investigator. The qualifications of the trooper included:
1. He had been employed with the Florida Highway Patrol for approximately six and one-half years and prior to that employment, he worked with the United States Military Police for two years.
2. He had completed six hundred and thirteen hours of training from the Florida Highway Patrol.
3. He had successfully attended as many as ten other schools in the past six and one-half years.
4. He had investigated hundreds of accidents.
Additionally, the trial judge was at a vantage point where he could observe the demeanor and conduct of the witness and determine his sincerity and apparent truthfulness. Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978).
AFFIRMED.
ORFINGER, C.J., and COWART, J., concur.